UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE APPLICATION OF           :   1:22-mc-00756
PENN LIVE, YORK DAILY          :
RECORD, AND YORK DISPATCH      :
TO UNSEAL COURT RECORDS        :
                               :
                               :

**ORDER**
November 18, 2022

On September 29, 2022, PennLive, the York Daily Record, and the York Dispatch ("the newspapers") filed an application to unseal court records relating to a purported search warrant ("the application to unseal"). This order does not deal with the underlying merits of the application to unseal. Rather, this order deals with two separate motions to seal documents filed by the United States.

The United States' first motion to seal seeks to file under seal and *ex parte* the United States' opposition to the newspaper's application to unseal ("opposition"). The newspapers filed a brief in opposition to the United States' motion to seal their opposition.[1] They contend that the court should deny the

---

[1] In accordance with the local rules of court, the United States did not set forth in its motion to seal the nature of the document that it is seeking to file under seal. *See* M.D. Pa. L. Crim. R. 49(c)(1) ("The motion to file a document under seal shall contain no description or identification of the document for which the sealing order is sought or statement of reasons why the filing of the document under seal should be authorized."). But the newspapers correctly surmised that the United States was seeking to file under seal its opposition to the newspapers' application to unseal.

United States' motion to seal and order the United States to file its opposition on the docket or to, at least, file a redacted version of its opposition.

After the newspapers filed their brief in opposition to the United States' first motion to seal, the United States filed a second motion to seal. In this second motion to seal, the United States seeks to file under seal and *ex parte* its reply to the newspapers' brief in opposition to its first motion to seal ("reply").[2] The newspapers then filed a brief in opposition to the second motion to seal. Not knowing the exact nature of the document that the United States seeks to file under seal, the newspapers refer to it as a supplement, and they assert that the United States' request to file this document completely under seal is overbroad. They contend that the court should deny the United States' motion to seal and order the United States to file its supplement, or a redacted version of its supplement, on the docket.[3]

---

[2] Again, in accordance with the local rules of court, the United States did not set forth in its motion to seal the nature of the document that it is seeking to file under seal.

[3] We address both of the United States' motions to seal in this order without waiting for a reply brief from the United States in support of its second motion to seal. Otherwise, we fear we will fall into a never-ending loop of the United States filing a motion to seal, the newspapers filing a brief in opposition, and the United States then filing another motion to seal its reply. We understand the parties' arguments regarding the motions to seal filed by the United States.

Both the United States' opposition and its reply are judicial records, and because the public has a presumptive right of access to judicial records, but that right is not absolute, the court must balance the public's right of access against the interests that the United States contends warrant secrecy in this case. To that end, we will order the United States to file redacted versions of its opposition and its reply under seal and *ex parte*. We will then review those redactions line-by-line to determine as to which, if any, of those redactions the United States has met its burden of showing that the interests in secrecy it puts forth outweigh the public's presumptive right to access.

Based on the foregoing, **IT IS ORDERED** that on or before **December 2, 2022,** the United States shall file under seal and *ex parte* proposed redactions to its opposition and reply.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge