UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE APPLICATION OF | : | 1:22-mc-00756 |
| PENN LIVE, YORK DAILY | : | |
| RECORD, AND YORK DISPATCH | : | |
| TO UNSEAL COURT RECORDS | : | |
| | : | |
| | : | |

**<u>ORDER</u>**
March 7, 2023

    This case concerns whether a search warrant (and related documents) involving United States Representative Scott Perry should remain sealed. Several newspapers filed an application to unseal those court records. *Doc. 1*. The United States then filed two motions to seal, seeking to seal two briefs that it filed in opposition to the newspapers' motion to unseal. *Docs. 8, 6*. We refer to those briefs as the United States' opposition and its reply.

    On February 7, 2023, we issued an order ("Feb. 7 Order") granting in part and denying in part the United States' motions to seal their opposition and reply. *Doc. 25*. Concluding that much, but not all, of the United States' briefs should not be sealed, we redacted those parts of the briefs that should be sealed. *Id*. at 13–21. And we attached those redactions to the Feb. 7 Order. *Docs. 25-1, 25-2*. In order to give the United States the opportunity to appeal the Feb. 7 Order to the district court under M.D. Pa. L. R. 72.2, we stayed it and issued it under seal. *Doc. 25* at 20–21. We noted that the Feb. 7 Order will remain under seal until either (1) the

time for the United States to appeal the order to the district court has passed and the United States has not filed an appeal, or (2) if the United States does file an appeal, the district has resolved that appeal. *Id*. at 20.  Although we anticipated that the Feb. 7 Order would eventually be unsealed, we ordered that it should not be available to the public or to the petitioners until further order of the court. *Id*. at 20–21.  The Clerk of Court was directed to serve a copy of the Feb. 7 Order on the United States only, *id*. at 21, and it did so.

On February 21, 2023, the United States filed a notice stating that it does not intend to file objections to the Feb. 7 Order, but that it requests that the court make three additional redactions to its opposition. *Doc. 27*.  After the United States filed that notice, it filed a motion to seal as to those three proposed additional redactions. *Doc. 28*.  In that motion to seal as well as during a telephone conference with the parties, the United States asserted that it may withdraw some of its proposed additional redactions following an argument scheduled in another case in the United States Court of Appeals for the District of Columbia Circuit. *Id*.[1]

---

[1] Although the United States did not provide the case name and number, that case is *In re Sealed Case*, No. 23-3001 (D.C. Cir.).  Except for a February 16, 2023 order scheduling oral argument, *see document* #1986321, the documents in that case are sealed.  A portion of the oral argument that was held on February 23, 2023, was held in an open session and a portion was held in a session closed to the public.  An audio recording of the portion open to the public is posted on the United States Court of Appeals for the District of Columbia Circuit's website. *See* https://www.cadc.uscourts.gov/recordings/recordings2022.nsf/799B6F1DE9AB37

We then unsealed the Feb. 7 Order, and we made public the United States' opposition and reply with redactions, including—for the time being—the three additional redactions requested by the United States. *Doc. 29.* On February 25, 2023, the United States filed another notice stating that "[a]s a result of documents publicly released by the United States District Court for the District of Columbia yesterday,"[2] two of those three additional redactions "are no longer necessary." *Doc. 30* at 1. On March 1, 2023, the newspapers submitted the documents publicly released by the United States District Court for the District of Columbia. *Doc. 33.*[3]

In light of the February 25, 2023 notice filed by the United States, we will unredact the two additional redactions that the United States now agrees should be unredacted. The United States, however, shall review all the remaining redactions in its opposition and reply and inform the court whether it agrees that any of those

---

708525895F0046D338/$file/23-3001%20PUBLIC%20Session%20ONLY.mp3 (last visited Mar. 3, 2023).

   [2] Although the United States did not provide the case name and number, that case is *In re Search of the Forensic Copy of the Cell Phone of Representative Scott Perry*, 1:22-sc-02144 (D.D.C.). That case is sealed, but the unsealed documents are posted on the United States District Court for the District of Columbia's website. *See* https://www.dcd.uscourts.gov/unsealed-orders-opinions-documents/Stored%20Communications%20Act/2023 (last visited Mar. 3, 2023).

   [3] On February 28, 2023, the newspapers filed a Notice of Supplemental Authority along with the documents. *See doc. 31.* After the United States filed a response to that notice asserting that it violates M.D. Pa. L.R. 7.36, *see doc. 32*, the newspapers withdrew that notice, and, on March 1, 2023, they filed an Amended Notice of Supplemental Authority along with the documents, *see doc. 33*.

3

redactions fall into the same (or a substantially similar) category as the information that United States agrees should now be unredacted. In addition, given the documents recently released by the United States District Court for the District of Columbia, it appears that additional portions of the United States' opposition and reply should be unredacted. Thus, the United States shall review all the remaining redactions in its opposition and reply and inform the court whether it agrees that any of those redactions should now be unredacted in light of the public release of documents by the United States District Court for the District of Columbia. In sum, the United States shall inform the court of any additional unredactions as to which it agrees.

We turn now to the third additional redaction set forth by the United States. That additional redaction is of the words "Rep. Perry and others" on page ten of the United States' opposition. *See doc. 28-2* at 1 (sealed). But while we have redacted certain names, we have not redacted mere references to "Rep. Perry" or to the fact that there are "others" mentioned in other places in the United States' opposition and reply. And we conclude that the United States has not shown a compelling reason for that redaction on page ten of its opposition. Thus, we will unredact that reference as well.

Because we will unredact the three additional redactions made in connection with the United States' most recent motion to seal, we will deny that motion to

seal.  And we will file (as an attachment to this Order) a copy of the United States' opposition with those three unredactions.

Based on the foregoing, **IT IS ORDERED** that the United States' motion (*doc. 28*) to seal regarding the three additional redactions is **DENIED**.  The Clerk of Court is directed to file the attached version of the United States' opposition. **IT IS ALSO ORDERED** that, on or before **March 14, 2023**, the United States shall review all the remaining redactions in its opposition and reply and inform the court of any additional unredactions as to which it agrees.  Upon receipt of the United States' response to this Order, we shall review the United States' opposition and its reply another time and decide what else, if anything, should be unredacted in light of recent events.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge