UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE APPLICATION OF : | 1:22-mc-00756 |
| PENN LIVE, YORK DAILY : | |
| RECORD, AND YORK DISPATCH : | |
| TO UNSEAL COURT RECORDS : | |
| : | |
| : | |

**ORDER**
April 17, 2023

This case concerns whether a search warrant (and related documents) involving United States Representative Scott Perry should remain sealed. Several newspapers filed an application to unseal those court records. *Doc. 1*. The United States then filed two motions to seal, seeking to seal two briefs that it filed in opposition to the newspapers' motion to unseal. *Docs. 8, 6*. We refer to those briefs as the United States' opposition and its reply.

On February 7, 2023, we issued an order ("Feb. 7 Order") granting in part and denying in part the United States' motions to seal its opposition and its reply. *Doc. 25*. Concluding that much, but not all, of the United States' briefs should not be sealed, we redacted those parts of the briefs that should be sealed. *Id*. at 13–21. And we attached those redactions to the Feb. 7 Order. *Docs. 25-1, 25-2*. In order to give the United States the opportunity to appeal the Feb. 7 Order to the district court under M.D. Pa. L. R. 72.2, we stayed it and issued it under seal. *Doc. 25* at 20–21. We noted that the Feb. 7 Order will remain under seal until either (1) the

time for the United States to appeal the order to the district court has passed and the United States has not filed an appeal, or (2) if the United States does file an appeal, the district has resolved that appeal. *Id*. at 20.  Although we anticipated that the Feb. 7 Order would eventually be unsealed, we ordered that it should not be available to the public or to the petitioners until further order of the court. *Id*. at 20–21.  The Clerk of Court was directed to serve a copy of the Feb. 7 Order on the United States only, *id*. at 21, and it did so.

On February 21, 2023, the United States filed a notice stating that it does not intend to file objections to the Feb. 7 Order, but it requested that the court make three additional redactions to its opposition. *Doc. 27*.  After the United States filed that notice, it filed a motion to seal as to those three proposed additional redactions. *Doc. 28*.  In that motion to seal as well as during a telephone conference with the parties, the United States asserted that it may withdraw some of its proposed additional redactions following an argument scheduled in another case in the United States Court of Appeals for the District of Columbia Circuit. *Id*.[1]

---

[1] Although the United States did not provide the case name and number, that case is *In re Sealed Case*, No. 23-3001 (D.C. Cir.).  Except for a February 16, 2023 order scheduling oral argument, *see document* #1986321, the documents in that case are sealed.  A portion of the oral argument that was held on February 23, 2023, was held in an open session and a portion was held in a session closed to the public.  An audio recording of the portion open to the public is posted on the United States Court of Appeals for the District of Columbia Circuit's website. *See* https://www.cadc.uscourts.gov/recordings/recordings2022.nsf/799B6F1DE9AB37

We then unsealed the Feb. 7 Order, and we made public the United States' opposition and its reply with redactions, including—for the time being—the three additional redactions requested by the United States. *Doc. 29*. On February 25, 2023, the United States filed another notice stating that "[a]s a result of documents publicly released by the United States District Court for the District of Columbia yesterday,"[2] two of the three additional redactions "are no longer necessary." *Doc. 30* at 1. On March 1, 2023, the newspapers submitted the documents publicly released by the United States District Court for the District of Columbia. *Doc. 33*.[3]

In light of the February 25, 2023 notice filed by the United States, we denied the United States' third motion to seal, and we unredacted the two additional redactions that the United States agreed should be unredacted. *Doc. 34* at 3, 5. And concluding that the United States had not shown a compelling reason for the

---

708525895F0046D338/$file/23-3001%20PUBLIC%20Session%20ONLY.mp3 (last visited Apr. 13, 2023).

[2] Although the United States did not provide the case name and number, that case is *In re Search of the Forensic Copy of the Cell Phone of Representative Scott Perry*, 1:22-sc-02144 (D.D.C.). That case is sealed, but the unsealed documents are posted on the United States District Court for the District of Columbia's website. *See* https://www.dcd.uscourts.gov/unsealed-orders-opinions-documents/Stored%20Communications%20Act/2023 (last visited Apr. 13, 2023).

[3] On February 28, 2023, the newspapers filed a Notice of Supplemental Authority along with the documents. *See doc. 31*. After the United States filed a response to that notice asserting that it violates M.D. Pa. L.R. 7.36, *see doc. 32*, the newspapers withdrew that notice, and, on March 1, 2023, they filed an Amended Notice of Supplemental Authority along with the documents, *see doc. 33*.

3

third additional redaction that it proposed, we rejected that redaction as well. *Id*. at 4.

We also ordered the United States to review all the remaining redactions in its opposition and its reply and inform the court whether it agrees that any of those redactions fall into the same (or a substantially similar) category as the information that United States agreed should now be unredacted. *Id*. at 3–5. In addition, we noted that given the documents recently released by the United States District Court for the District of Columbia, it appears that additional portions of the United States' opposition and its reply should be unredacted. *Id*. at 4. Thus, we further ordered the United States to review all the remaining redactions in its opposition and its reply and inform the court whether it agrees that any of those redactions should be unredacted in light of the public release of documents by the United States District Court for the District of Columbia. *Id*. at 4–5. In sum, we ordered the United States to review all the remaining redactions in its opposition and its reply and inform the court, on or before March 14, 2023, of any additional unredactions as to which it agrees. *Id*. at 5. We noted that upon receipt of the United States' response, we shall review the United States' opposition and its reply another time and decide what else, if anything, should be unredacted in light of recent events. *Id*.

On March 14, 2023, the United States filed a notice in which it agreed that certain additional material should be unredacted. *Doc. 35*. More specifically, the United States agreed that in light of the documents released by the United States District Court for the District of Columbia regarding the search of Representative Perry's phone, "references to the fact of a warrant issued in the District of Columbia concerning access to a forensic copy of the cell phone of Representative Scott Perry may be un-redacted . . . ." *Id*. at 1. The United States attached to its notice copies of its opposition and its reply with additional parts unredacted. *See docs. 35-1, 35-2*. But asserting that "[t]he remainder of the redacted portions of [its] briefs contain information that is non-public and must remain under seal to protect the compelling governmental interests explained in detail in [its] previously submitted filings," the United States refused to agree to any additional unredactions. *Doc. 35* at 2. Despite the United States' steadfast refusal to agree to additional unredactions, we have reviewed what remains redacted in the United States' opposition and its reply, and we conclude that in light of the documents released by the United States District Court for the District of Columbia, additional unredactions are necessary. More specifically, we conclude that in light of information now in the public domain, the United States can no longer show a compelling reason for redacting the following information from its opposition and its reply:

- the fact that the underlying investigation of Representative Perry involves the certification of the 2020 presidential election results;

- the fact that a grand jury was empaneled in the District of Columbia;

- the fact that the investigation involves former and current senior-level government officials;

- the fact that this investigation overlaps a congressional investigation;

We conclude, however, that the details of the underlying investigation, such as names or descriptions of individuals other than Representative Perry, should remain redacted. In light of the above, attached to this order is a version of the United States' opposition and a version of its reply with only those redactions that we conclude continue to meet the strict scrutiny standard for sealing under the First Amendment.

Given the importance of this issue to this case, we will stay this order to account for the fact that the United States may appeal this order to the district court under M.D. Pa. L. R. 72.2 (providing that a party may appeal a magistrate judge's order on a non-dispositive matter within 14 days after the magistrate judge issues the order). And because "[s]ecrecy is a one-way street," *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008), we will seal this order until either (1) the time for the United States to appeal this order to the district court has passed and the United States has not filed an appeal, or (2) if the United States does file an appeal, the district court has resolved that appeal. Although I anticipate that this order will

eventually be unsealed, I will order that this Order shall not be available to the public or to the petitioners until further order of the court. The Clerk of Court will be directed to serve a copy of my order on the United States only.

Based on the foregoing, **IT IS ORDERED** that only those redactions that continue to be warranted will be allowed to the United States' opposition and its reply. Those redactions are attached. **IT IS FURTHER ORDERED** that this order is **STAYED** until further order of the court. Finally, **IT IS ORDERED** that this order shall be filed under seal and shall remain under seal until further order of the court. Until further order of the court, this order shall not be available to the public or to the petitioners. The Clerk of Court shall serve a copy of this order on the United States only.

<u>*S/Susan E. Schwab*</u><br>
Susan E. Schwab<br>
United States Magistrate Judge