UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF PENNLIVE, YORK DAILY RECORD, AND YORK DISPATCH TO UNSEAL COURT RECORDS | ) ) ) ) ) ) ) | No. 1:22-MC-756<br><br>(Judge Wilson) |

### REPLY BRIEF IN SUPPORT OF GOVERNMENT'S OBJECTIONS TO REPORT & RECOMMENDATION

On January 19, 2024, Magistrate Judge Susan E. Schwab issued a report and recommendation opining that the government should be required to file, on the public docket in the first instance, redacted versions of search warrant materials concerning a high-profile ongoing investigation—in which individuals whose connection with the investigation have previously been made public have been targeted, harassed, and threatened. Although the report and recommendation correctly recognized that compelling governmental interests support the continued sealing of at least part of the materials at issue, it erred in recommending that these compelling interests could be adequately protected by redactions, and by defining the privacy interests that necessitate sealing far too narrowly. *See* Report & Recommendation (R&R), ECF No. 65. The report and recommendation also erred in

making the highly unusual recommendation that the government be ordered to file its proposed redactions directly on the public docket—without prior review or consideration by the Court. This procedure is inappropriate because, among other things, it deprives the Court of its ability to decide at the outset whether redacted documents should be filed at all because the number of redactions required render the resulting redacted documents devoid of content, nonsensical, or even misleading. *See United States v. Amodeo*, 71 F.3d 1044, 1052–53 (2d Cir. 1995) (district court abused its discretion by ordering release of document "rendered unintelligible as a result of redactions" and "thus more likely to mislead than to inform the public").

For the reasons set forth in the objections and the additional reasons explained below, the Court should decline to adopt the recommendations and should instead keep the materials that remain at issue entirely under seal. At a minimum, if the Court believes it would be helpful to consider proposed redactions, the Court should order the government to file proposed redactions, along with any further explanation of the bases for unsealing, *ex parte* and under seal for the Court's consideration as an initial matter.

In response to the government's objections, Applicants do not contest that compelling governmental interests in protecting an ongoing investigation and preserving privacy exist here, *see* Objections 11–16, ECF No. 68; that the report and recommendation sets forth an unduly constrained view of the weighty privacy interests at issue, *see id.* at 12–16; or that at least some redactions to the search warrant materials at issue are warranted to protect compelling interests, *see* R&R 41–44. Instead, they mischaracterize the government's position as extreme, argue that "blanket secrecy" is not necessary due to "information already in the public domain," and contend that the government's arguments are too "generic" to support "blanket secrecy." Response 4, 13, ECF No. 69. Applicants also maintain that—contrary to the practice of all but one judge in one case in a single court—the government should be required to file any proposed redactions publicly *before* the Court reviews those proposed redactions or any nonpublic justifications supporting them. *Id.* at 16–20. Their arguments in support misstate or simply fail to mention the government's stated positions, rely on assumptions about information that Applicants do not possess, and ignore the weight of case law concerning applications to unseal search warrant materials. But

even if the Court found these arguments at all persuasive—which it should not—the only logical result would be to order the government to provide proposed redactions and any additional explanations for those redactions *ex parte* to test Applicants' assertions—which are uninformed due to the fact that Applicants do not have access to the search warrant materials that properly remain sealed.

1. As an initial matter, the Court should discount entirely all of Applicants' arguments that depend on hyperbole and mischaracterizations of the government's positions. As one glaring example, Applicants overstate the government's general stance on disclosure in this matter, asserting that the government takes the "extreme view that not a word of any of the records could be unsealed." Response 1. This is false. To the contrary, the government has agreed to the unsealing of both entire and portions of documents here—including parts of the search warrant as issued—where important governmental and privacy interests no longer required continued sealing due to changed circumstances. *See* ECF Nos. 57, 64-1. What is more, the government's briefs filed in this matter are public save minor redactions, *see* ECF Nos. 37-2, 43, 44-1, 59, 60, 68, and Judge Schwab held a public

4

hearing on the application. This is not "extraordinary secrecy" in any sense, *contra* Response 3, but instead entirely consistent with the government's standard approach in such cases, and with the legal standards that govern the common law right of access.

The government's position is likewise in line with the holdings of countless courts. It is consistent with the approach that the Chief Judge of the District of Columbia District Court took with respect to a search warrant application involving the same investigation at issue here: determining that certain materials could be unsealed after indictment, but that the search warrant affidavit must remain entirely under seal. *See In re Press Application for Access to Judicial Records in Case No. 23-SC-31* (*In re Press Application*), --- F. Supp. 3d ----, No. 23-mc-84, 2023 WL 8254630, at *5–7 (D.D.C. Nov. 29, 2023). And there are numerous other cases, including two recent decisions within this Circuit, in which courts properly found that compelling interests required search warrant materials to remain entirely under seal. *See, e.g.*, *Martino v. United States*, No. 23-mc-11, 2024 WL 531658, at *5 (D.N.J. Feb. 9, 2024); *In re Search Warrants Issued Nov. 30, 2022*, No. 22-mj-1897, 2023 WL 5593959, at *4 (E.D. Pa. Aug. 29, 2023); *United States v. Sealed Search*

5

*Warrants*, 1999 WL 1455215, at *8 (D.N.J. Sept. 2, 1999); *In re Search of 1993 Jeep Grand Cherokee*, 1996 WL 768293, at *18 (D. Del. Oct. 11, 1996). Other courts have similarly recognized that it is proper for search warrant materials to remain entirely under seal, even after indictment, when a government investigation is ongoing. *See, e.g.*, *United States v. Pirk*, 282 F. Supp. 3d 585, 602–03 (W.D.N.Y. 2017) (denying motion for access to search warrant materials post-indictment where investigation was ongoing); *see also United States v. Cohen*, 366 F. Supp. 3d 612, 623–24 (S.D.N.Y. 2019) (ordering parts of search warrant materials pertaining to ongoing investigation to remain under seal after indictment and plea). Applicants' disingenuous attempt to paint the government's position in this case as an "extreme view" only highlights their lack of substantive arguments.

2. Applicants are incorrect insofar as they allege that because some information about the underlying investigation has been made public, at least portions of the search warrant materials that remain at issue (including the search warrant affidavit) must be unsealed. This is wrong for two principal reasons. First, as the government has explained, "information that may have been disclosed in public reporting or other

6

contexts outside of a criminal investigation takes on a different meaning if officially revealed to be part of such an investigation." Objections 17, ECF No. 68. In other words, official confirmation that an individual who is reported to have taken part in certain events is under *criminal investigation* for such conduct—or provided information to the government in connection with a criminal probe—would undermine the integrity of that investigation and the individual's privacy interests. *See United States v. Smith* (*Smith I*), 776 F.2d 1104, 1113–15 (3d Cir. 1985) (recognizing that documents that have the imprimatur of "federal law enforcement official[s]" carry weight that non-official statements do not).[1] These are both compelling interests that outweigh the common law right of access.

---

[1] The out-of-context quote Applicants pull from a subsequent Third Circuit decision does not undermine this point. *Contra* Response 8. It simply states that when a person has "testified as a witness" in a criminal trial, their "possible connection with the matter" has been made public. *United States v. Smith* (*Smith II*), 787 F.2d 111, 116 (3d Cir. 1986). And it is nonsensical to suggest that providing detailed descriptions of uncharged individuals' participation in unindicted conduct would lessen the harmful effects of revealing possible subjects of an investigation. *Contra* Response 8 n.5. The single case to which Applicants cite for this proposition offers scant reasoning and in any event, involved a closed investigation in which a defendant had already pleaded guilty. *See United States v. Kott*, 380 F. Supp. 2d 1122, 1125 (C.D. Cal. 2004).

Second, contrary to Applicants' suggestion, courts routinely find that the government's interest in the integrity of an investigation and individual privacy overcome the common law right of access and require sealing of search warrant materials in their entirety even where the media has extensively reported on the underlying investigation—including in connection with the same investigation at issue here. *See In re Press Application*, 2023 WL 8254630, at *5; *see also, e.g.*, *In re Associated Press*, No. 22-mc-111, 2023 WL 5671289, at *1, *4–7 (S.D. Tex. Sept. 1, 2023) (denying application to unseal search warrant materials although searches at issue "were widely reported by the news media");[2] *In re Application of WP Co., LLC*, 201 F. Supp. 3d 109, 128 (D.D.C. 2016) (denying application to unseal search warrant materials and finding redactions would not adequately protect compelling interests "due to the degree of media scrutiny already garnered").

Indeed, even the revelation that an affidavit contains information that has otherwise been officially disclosed could harm compelling

---

[2] Applicants cite to an earlier order issued in *In re Associated Press* requiring partial unsealing of the government's briefs, but fail to acknowledge that that court ultimately agreed with the government that compelling interests required the search warrant materials to remain entirely under seal. *See* Response 9.

governmental interests by demonstrating the significance of that information to the investigation.  *See* Objections 18.  Important investigative and privacy interests counsel against disclosure of already public information that, when placed in the context of a search warrant, demonstrates *why* the government is seeking certain information or *where* it received that information.  Such disclosures tend to reveal the direction and scope of an ongoing investigation, thereby alerting potential additional subjects or targets, and could potentially jeopardize previously unknown sources.  *See In re Press Application*, 2023 WL 8254630, at *5–6.

What is more, even if certain already public facts could be disclosed without revealing a connection to the investigation that would compromise compelling governmental interests, that information cannot be unsealed if it is inextricably intertwined with information that must remain secret, or if information that must remain secret is so extensive that any resulting redacted document would be unintelligible, nonsensical, or even misleading.  *See* Objections 18–20.  That is the case here.  Applicants complain that this argument is "circular," Response 10, but that argument stems from the fact that Applicants are not privy to

the underlying sealed materials. The Court does have access to these materials, however, and can discern through a review of the "unruly mix of secret and public facts" that redactions are not an available alternative to continued sealing. *See In re Press Application*, 2023 WL 8254630, at \*5. The government recognizes that Judge Schwab reviewed the sealed materials prior to issuing the report and recommendation, but respectfully contends that the ultimate recommendation as to unsealing was based on an erroneously constrained understanding of the compelling privacy interests at issue here.³ Objections 12–16. Viewed through an appropriate lens, the proper conclusion is that redactions required to preserve compelling governmental interests are too extensive for any resulting redacted document to make sense. If the Court has any doubts, the only reasonable next step is to review the government's proposed redactions *ex parte* and under seal.

---

³ Judge Schwab also incorrectly discounted the legitimate governmental interest in declining to publicly confirm details about investigative methods that the recipient of a search warrant—Representative Scott Perry—selectively chose to disclose in a court filing. *See* R&R 55. Applicants elide this point by referring to Rep. Perry's disclosure as a "public court record." Response 13.

3. The government's points in support of continued sealing are not too generic, as Applicants contend. At the outset, Applicants ignore that Judge Schwab found the interests the government identified in maintaining the integrity of an ongoing investigation sufficiently compelling to overcome the common law right of access, at least as to parts of the disputed materials. *See* R&R 38–42. Moreover, Applicants do not engage with the specific risk of actual harm set forth in the objections to explain why the privacy interests of potential witnesses and unindicted individuals require particular safeguarding in this matter. Objections 14–16. Instead, it is Applicants' arguments that are generic and boilerplate. And again, if the Court believes that it needs more specific information about why the remaining search warrant materials must remain under seal, the most it should do is order the government to file *ex parte* proposed redactions. Review of these redactions and any accompanying explanations will dispel any lingering doubts the Court might have about the correct outcome here.

4. If the Court ultimately concludes that the government should propose redactions, it should follow the normal course and review those redactions *ex parte* and under seal in the first instance. Determining

whether search warrant materials must remain under seal is left to "the sound discretion of the trial court," and *ex parte* review of proposed redactions allows courts to exercise that discretion to determine whether unsealing is appropriate. *See In re Search Warrants Issued November 30, 2022*, 2023 WL 5593959, at *2 (quoting *In re Search of Fair Finance*, 692 F.3d 424, 431 (6th Cir. 2012)). In contrast, the direct public filing of proposed redactions circumvents the Court's authority to consider those proposals. Reviewing proposed redactions *ex parte*, on the other hand, permits the Court to consider the government's positions regarding sealing in a concrete context, while preserving the government's ability to appeal should it wish to challenge any finding that redactions are appropriate. That right that would be lost if proposed redactions were filed on the public record in the first instance.

Applicants do not engage with these concerns or with the fact that their requested procedure—direct filing of redactions on the public docket—is nearly unprecedented and, to the government's knowledge, has only been adopted by one court in a single unique case. The government, however, has pointed to multiple cases in which courts reviewed proposed redactions *ex parte* and under seal before deciding

12

whether to unseal—as Judge Schwab has already done in this matter on multiple occasions. Objections 22. These examples are surely the tip of an iceberg, and make sense for the reasons explained above and in the objections.

Nor are Applicants correct that due process somehow requires the government to file proposed redactions on the public docket before the Court reviews them. *Contra* Response 17–18. It is unserious for Applicants to suggest that they have not had ample opportunity to respond to the government's arguments in this matter; they have had access to at most minimally redacted versions of the government's briefs, filed at least five substantive briefs themselves, and presented oral argument on the application. In addition, Applicants would be free to challenge any redactions the Court might, after *ex parte* review, order to be filed on the public docket. Of course, it remains the case that Applicants would have little to offer in that challenge given their lack of knowledge about what underlies the redactions, but that is a natural and

proper result of the fact that compelling interests overcome the common law right in appropriate instances.[4]

In sum, for the reasons set forth in the objections and in this reply, the Court should order the search warrant application, including the affidavit; the return; and the redacted portions of the search warrant as issued to remain entirely under seal at this time. In the alternative, at most, the Court should order the government to file proposed redactions to these documents *ex parte* and under seal for the Court to consider in the first instance whether redacted versions should be released. If the Court is inclined to order the government to propose redactions *ex parte*

---

[4] Applicants' assertion that they "were required to bring to the Court's attention that the Government had attempted to conceal material that appeared 'word-for-word' in other judicial records" is baffling. Response 19. Judge Schwab indicated neither that Applicants had brought this information to her attention nor that the government had attempted to keep it from her; instead, the report and recommendation attributes the information to a public filing that the government both cited and quoted in its first filing in this case. R&R 55; *see also* ECF No. 44-1 at 6. What is more, Judge Schwab released the redacted search warrant and the report and recommendation on the same day. It is not possible that Applicants somehow—without the government's knowledge—alerted Judge Schwab to what information was beneath the redactions in a document they were seeing for the first time, in advance of a report and recommendation issued minutes later. Yet Applicants not only suggest that this occurred, but point to it as a reason to adopt their preferred procedure for filing proposed redactions. The Court should reject this argument as, at best, mistaken.

and under seal, the government respectfully requests 30 days from the issuance of any such order to submit its proposal.

Dated: March 1, 2024

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General
        Civil Division

        ELIZABETH J. SHAPIRO
        Deputy Director
        Civil Division
        Federal Programs Branch

        */s/ Leslie Cooper Vigen*
        Leslie Cooper Vigen
        Senior Trial Counsel
        Civil Division
        Federal Programs Branch
        United States Department of Justice
        1100 L Street, NW
        Washington, DC 20005
        Email: Leslie.Vigen@usdoj.gov
        Tel: (202) 305-0727

        *Counsel for the United States*