# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| : | Civil No. 1:22-mc-00756 |
| : | |
| IN RE APPLICATION OF PENN LIVE, : | |
| YORK DAILY RECORD, AND YORK : | |
| DISPATCH TO UNSEAL COURT : | Judge Jennifer P. Wilson |
| RECORDS : | |
| : | |
| : | |
| : | |
| : | Magistrate Judge Susan Schwab |

## ORDER

Before the court is the report and recommendation of Magistrate Judge Susan Schwab recommending that the court grant the motion to unseal the warrant materials with redactions. (Doc. 65.) In making this recommendation, Judge Schwab concludes that the government has shown compelling privacy interests that weigh against unsealing the warrant materials in the entirety, but the government has not shown that redactions will not adequately protect those privacy interests. (*Id.* at pp. 31–56.)[1] Judge Schwab also recommends that the government submit proposed redactions publicly on the docket. (*Id.* at pp. 59–61.) The government objects to Judge Schwab's recommendations that redactions are sufficient to protect their privacy interests, and that the redactions should be filed on the public docket. (Doc. 68, p. 1.) The newspapers did not file objections. For

---

[1] For ease of reference, the court utilizes the page numbers contained in the CM/ECF header.

1

the reasons that follow, the report and recommendation will be adopted in part and rejected in part.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the center of this case is a search warrant, issued on August 2, 2022, authorizing the search of the person and cell phone of Pennsylvania Congressman Scott Perry as part of an investigation into the attack on the U.S. Capitol on January 6, 2021. (Doc. 65, p. 2.) On September 29, 2022, PennLive, York Daily Record, and York Dispatch ("Newspapers") filed a motion to unseal the warrant materials. (Doc. 1.) After multiple rounds of briefing regarding how to appropriately seal and redact the United States' briefs, and following oral argument, the motion became ripe on November 28, 2023. (Doc. 61.) The warrant materials that remain in dispute include the warrant application and accompanying affidavit and the warrant return. The United States has agreed to redactions of the criminal docket sheet and the authorized search warrant. (Doc. 64; Doc. 65, p. 19.) Judge Schwab issued the report and recommendation on January 19, 2024. (Doc. 65.)

## DISCUSSION

### A. Summary of Judge Schwab's Report and Recommendation

Judge Schwab's report and recommendation discusses, in considerable detail, the underlying factual scenario in this case and several other cases in

different courts that relate to the dispute here.  (*Id.* at pp. 2–19.)  Judge Schwab specifically discusses three cases: 1) "the D.C. Perry case," in which the United States District Court for the District of Columbia and the District of Columbia Circuit Court of Appeals considered the applicability of the Speech and Debate Clause; 2) "the Twitter Case," where, in considering a motion to unseal warrant documents, the D.C. district court weighed the government's privacy interests against the presumption of public access and found that the government had a sufficient privacy interest to require the warrant materials remain sealed; and 3) "the Mar-a-Lago case," where the District Court for the Southern District of Florida found that, in considering a motion to unseal warrant materials, the government had shown compelling reasons justifying redactions and the redacted affidavit was published on the redacted docket.  (*Id.* at pp. 21–26.)

Judge Schwab next discussed the common law right of access, determining that it does apply to the documents at issue here.  (*Id.* at pp. 28–31.)  In summary, the common law right of access applies to judicial proceedings and records, and "'promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court.'" (*Id.* at p. 28) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d. Cir. 1988)).)  There is a

strong public right of access, that is overcome only when the opponent of access makes a sufficiently strong showing of an interest in secrecy.  (*Id.* at p. 29.)  This showing must "specifically articulate the injury." (*Id.*)  Moreover, "[w]here possible, [the party opposing access] should propose redactions, rather than placing a whole document under seal." (*Id.*) (quoting *Kivett v. Neolpharma, Inc.*, No. 2:20-00664-JDW, 2021 WL 1209844, at *1 (E.D. Pa. Mar. 31, 2021)).  In determining whether the common law right of access applies, a court must specify "'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide[ ] an opportunity for interested third parties to be hear.'" (*Id.* at p. 30) (quoting *In re Avandia Mktg.*, 924 F.3d at 672–7) (quoting *In re Cendant Corp.*, 260 F.3d at 194)).

Addressing the issue of whether the government showed a compelling privacy interest justifying sealing, Judge Schwab outlined the United States' arguments in favor of a privacy interest: "(1) unsealing could impair its investigation; and (2) unsealing could harm the privacy interests of unindicted individuals." (Doc. 65, pp. 33, 34.)  In weighing these interests, Judge Schwab noted that much has changed since the filing of the underlying motion, resulting in revelation of information relating to the underlying investigation, including press coverage, opinions in the D.C. Perry case, the January 6th Report, and the indictment of former President Donald Trump in the District Court for the District

5

of Columbia.  (*Id.* at pp. 35–37.)  After considering the details included in the warrant affidavit, the privacy interests of those named in some capacity in the affidavit and the history of harassment of those connected with the investigation, and the volume of publicly available information, Judge Schwab ultimately concluded that "there is a basis to keep under seal at least some information in the warrant affidavit for privacy reasons."  (*Id.* at pp. 44, 45.)

Judge Schwab then addressed whether redactions are sufficient to protect the government's stated privacy interests.  (*Id.* at p. 45.)  The government argued that redactions would not be sufficient to protect their interests because "the amount of information that could be unredacted would be limited; the redactions may create confusion; and given the context, even if redacted, the warrant materials could reveal information relevant to the ongoing investigation."  (*Id.* at p. 47.)  The government also noted that "none of the search warrant materials from the D.C. Perry case have been unsealed."  (*Id.*)

After reviewing multiple cases addressing this issue, Judge Schwab concluded that "it is not clear that redactions are not a viable alternative to continued sealing."  (*Id.* at pp. 48–54.)  Judge Schwab based this conclusion on the government's lack of specificity in justifying its arguments, the amount of information already publicly available regarding the underlying investigation, and the fact that the documents with redactions currently in the docket have extensive

redactions of information that was publicly revealed in other cases. (*Id.* at pp. 54, 55.) Ultimately, Judge Schwab concluded that "[t]he United Sates should be made to do the hard work of going through the warrant materials in detail, and rather than merely presenting general arguments, should be held to its burden of showing that its interests outweigh the presumption of access." (*Id.*)[2] Finally, Judge Schwab recommended that the United States file its proposed redactions and explanation on the public docket and any further explanation could be filed *ex parte* under seal. (*Id.* at p. 60) (citing *In re Los Angeles Times Commc'ns LLC*, 628 F. Supp. 3d 55, 61 (D.D.C. 2022)).

Neither party objected to sections I, II, III(A)(1), III(A)(2), and III(B), and the court perceives no clear error in reviewing these sections of Judge Schwab's report and recommendation. Accordingly, these sections are adopted in full. The United States objects to section III(A)(3), III(C), and IV. The court will now consider those objections.

### B. Objections by the United States

The United States filed two objections, contesting the conclusion that "redactions are sufficient to protect the compelling interests that require the search warrant materials at issue to remain under seal; and . . . that the government be

---

[2] Judge Schwab also discussed the First Amendment right of access but ultimately did not decide the issue under the First Amendment, since the case could be decided under the common law right of access. (*Id.* at 58, 59.)

ordered to file on the public docket, in the first instance, proposed redacted versions of the search warrant materials that remain at issue." (Doc. 68, p. 1.) The newspapers did not file objections, but did respond to the government's objections. (Doc. 69.)

In support of its first objection, the United States argues that "the report and recommendation understated the scope of the interests at play, and the government objects to the recommendation that redactions would be sufficient to preserve the government's important interest with respect to these documents." (Doc. 68, p. 13.) The United States again pointed to the privacy concerns of "all potential witnesses and unindicted individuals–not only those tangential to the investigation[,] and noted that disclosure of the identities of these persons could 'endanger or discourage [them] from providing evidence or testimony,' even if they had been previously associated with the ongoing investigation." (*Id.*) (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)). The United States further noted the risk of embarrassment that comes with being linked to a criminal matter publicly, and the specific harm that has been faced by those connected with the underlying investigation. (*Id.* at pp. 16, 17) (citing *United States v. Trump*, 88 F.4th 990, 996 (D.C. Cir. 2023) ("Mr. Trump's public statements pose a significant and imminent threat to the fair and orderly adjudication of the ongoing criminal proceeding.")). The United States also argues

8

that redactions are not sufficient because "the redactions required to preserve [its privacy] interests would be so extensive that the resulting documents would be nonsensical or, even worse, misleading." (*Id.* at p. 18.)

In countering the assertion that much of the information in the warrant materials has already been made public, the United States argues that "information that may have been disclosed in public reporting or other contexts outside of a criminal investigation takes on a different meaning if officially revealed to be part of such an investigation[,]" and that the "public and nonpublic information are inextricably intertwined in a manner that would be difficult to disentangle." (*Id.* at pp. 19–21.) Finally, the United States points to the decision of the D.C. District Court denying a similar application in the D.C. district court case involving similar warrant materials. (*Id.* at p. 22) (citing *In re Press Application*, 2023 WL 8254630, at * 5).

In response to this objection, the newspapers point again to the substantial amount of information that is already known by the public involving this case. (Doc. 69, pp. 10-14.) The newspapers rebut the United States' assertion that redactions would be confusing and leave little to read by arguing that "[i]t is difficult to prejudge what the scope of redactions would be when the Government refuses to justify any particular redaction." (*Id.* at p. 17.) The newspapers also differentiate the D.C. district court case because, there, the court had the

9

opportunity to review proposed redactions, which has not happened in this case. (*Id.* at p. 18.) The newspapers also note that the government has offered only generic explanations which would apply to any case involving unsealing a warrant, and upholding such explanations would eviscerate the public right of access because it would be so widely applicable. (*Id.* at pp. 19–22.)

In support of its second objection, the United States argues, with citation to authorities in support, that "[i]t is standard practice for courts to engage in *ex parte* exchanges with the government as to proposed redactions in cases involving requests to unseal related to ongoing criminal investigations–including in the principal cases upon which the report and recommendation relies." (Doc. 68, pp. 23, 24.)

In response, the newspapers argue that "no substantial harm can result from docketing the redactions themselves, which will make public only information that the Government concedes at this stage needn't be kept secret." (Doc. 69, p. 23.) The newspapers also rely on *In re L.A. Times Commc'ns LLC*, 628 F. Supp. 3d at 62, in support of requiring the government to file redactions on the public docket.

### C. The Court will Overrule the First Objection but Sustain the Second Objection.

Turning to the first objection, after a careful review of the warrant materials, the court adopts Judge Schwab's reasoning that redactions will be sufficient to protect the United States' privacy interests over the Government's objection.

The United States' first argument involves the privacy interests of certain individuals and risks inherent in disclosing their connection to the underlying case through the affidavit. The United States analogizes this case to *United States v. Smith* ("*Smith I*"), 776 F.2d 1104, 1113–15 (3d Cir. 1985), and also points out the heightened risk that individuals connected with the underlying indictment of Former President Trump in the D.C. district court have faced. (Doc. 68, pp. 14–16.) In *Smith I*, the Third Circuit decided that the common law right of access applied to a bill of particulars and that the "reputational interests [of being named in a bill of particulars] may outweigh the public's common law right of access." *Smith I*, 776 F.2d at 1113. The Third Circuit decided that the reputational interests did, in fact, outweigh the common law right of access because "the sealed [document] will communicate to the general public that the named individuals, in the opinion of the chief federal law enforcement official of the District, are guilty, or may be guilty, of a felony involving breaches of the public trust [,]" and that these individuals named "will not have the opportunity to prove their innocence in a trial." *Id.* at 1113, 1114. Thus, the Third Circuit concluded that "the trial court had a compelling governmental interest in making sure its own process was not utilized to unnecessarily jeopardize the privacy and reputational interest of the named individuals." *Id.* at 1114.

Here, the court agrees with Judge Schwab's reasoning that "[a]lthough the main parties may have already been identified in connection with other sources, such as the January 6th Report and the indictments in the District of Columbia and Georgia, the affidavit in this case mentions more minor or peripheral players [which gives a basis for sealing portions of the affidavit.]"  (Doc. 65, p. 44.)  After review of the warrant materials, the court does not agree that Judge Schwab understated the scope of the privacy interests of the individuals named in the warrant affidavit.  Further, unlike in *Smith I*, a warrant affidavit is not like a bill of particulars, which expressly "sets the parameters of the government's case[.]"  *Smith I*, 776 F.2d at 1111.  Thus, to the extent the government wishes to keep certain individuals–such as unindicted third parties, witnesses, and individuals implicating investigative techniques–out of the public knowledge, they may so argue in support of specific redactions.

The Government's next argument is that the information contained in the warrant affidavit takes on a new meaning after being disclosed in connection with a criminal investigation.  In support of this argument, the United States relies on *In re Press Application*, 2023 WL 8254630, at *5, in which the D.C. District Court found that this issue was neutral, due to the "mix of secret, somewhat public, and fully public particulars weaved together in the documents."  *Id.* at *5.  Chief Judge Boasberg decided that "a piecemeal treatment of [the documents] contents would

12

serve little purpose; the required redactions would leave them difficult to read and of little value to the public above and beyond what it already has access to." *Id.* After this court's own review of the warrant materials and Judge Schwab's report and recommendation, the court finds that redactions would be a worthwhile endeavor because a large portion of the warrant affidavit is publicly sourced and not so inextricably intertwined as to render the document meaningless. To the extent that the United States believes disclosure of already public information will jeopardize the ongoing investigation, it may so argue during the redaction proceeding.

    On this same issue, the United States argues that Judge Schwab did not sufficiently distinguish *In re Press Applciation*. Judge Schwab discussed this opinion, and others regarding this issue, and ultimately determined that "[t]hese different outcomes reflect the basic fact that each case must be decided on its own facts. And here, it is not clear that redactions are not a viable alternative to continued sealing." (Doc. 65, p. 54.) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Judge Schwab further discussed, in a footnote, the suggestion "that what little could be unsealed would not benefit or interest the public is misguided. It is the public–here through the press–not the United States that should determine what is of benefit or interests to the public." (*Id.* at p. 48 n.20) (citing *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 104 (1979)).

13

The court agrees with Judge Schwab. Whether redactions will be sufficient is left to the discretion of the court. *In re Search Warrants Issued November 30, 2022*, No. 22-MJ-1897, 2023 WL 5593959, at *2 (E.D. Pa. Aug. 29, 2023). There are certainly weighty privacy interests in this case due to the ongoing investigation and sensitive nature of the investigation. However, as is clear from a review of all of the related cases, the public indictment, and plentiful news reporting on this investigation, there has been public disclosure of much of the information. Having reviewed the warrant materials and considered the extent to which information contained therein is already in the public domain as well as the Government's arguments regarding the privacy concerns, the court agrees with Judge Schwab that the warrant materials can be unsealed after they are appropriately redacted.

Finally, turning to the second objection, the court will not adopt Judge Schwab's recommendation that the procedure for addressing redactions will include public filings. In support of this recommendation, Judge Schwab and the newspapers rely on *In re Los Angeles Times*, 628 F. Supp. 3d at 61 (D.D.C. 2022), because "requiring the United States to file proposed redactions on the public docket appears most respectful of the common law presumption of access." (Doc. 65, p. 60.) While acknowledging the non-binding precedent in *Los Angeles Times*, the court is persuaded by the government's argument and authorities that it is standard practice to submit proposed redactions *ex parte* under seal. (Doc. 68, p.

24) (citing *In re Press Application*, 2023 WL 8254630, at *5; *In re Forbes Media LLC*, No. 21-mc-52, 2022 WL 17369017, at *11 (W.D. Pa. Dec. 2, 2022.); *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1265 (S.D. Fla. 2022).)  Given that there is an ongoing investigation and the government has legitimate and compelling interests at stake, the government needs to be able to explain their justification for each redaction to the fullest extent possible.  Moreover, the interest of efficiently achieving a final resolution of the application in order to release the redacted warrant materials is furthered by reviewing the Government's proposed redactions *ex parte* and under seal.  For these reasons, the recommendation of filing redactions on the public record is rejected, and the government will be permitted to file its proposed redactions *ex parte* and under seal.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Magistrate Judge Schwab's report and recommendation, Doc. 65, is **ADOPTED IN PART** and **REJECTED IN PART**.

2. Specifically, sections I, II, III(A)(1), III(A)(2), III(B), and IV are **ADOPTED** without objection. Judge Schwab's conclusion that redactions are sufficient to protect the Government's interests, section III(A)(3), is also **ADOPTED** over the Government's objection.

3. The recommendation that the proposed redactions should be filed on the public docket, section III(C), is **REJECTED**.

4. This case is **REMANDED** to Judge Schwab for redaction proceedings consistent with this Order, with the redaction proceedings to be conducted *ex parte* and under seal.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: April 15, 2024