UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE APPLICATION OF | : | 1:22-mc-00756 |
| PENN LIVE, YORK DAILY | : | |
| RECORD, AND YORK DISPATCH | : | (Magistrate Judge Schwab) |
| TO UNSEAL COURT RECORDS, | : | |
| | : | |
| | : | |

# REPORT AND RECOMMENDATION

This case concerns whether a warrant (and related documents) involving a search of Representative Scott Perry and the seizure and search of his cell phone and related records should remain sealed. Several newspapers (the "Newspapers") filed an application to unseal those records. During the protracted proceedings in this case, certain of the documents that the Newspapers were seeking to unseal, have been unsealed in whole or part. More specifically, a copy of the docket sheet in the underlying warrant case has been unsealed with only minor redactions. *See doc. 57-1*.[1] Similarly, a copy of the court's August 2, 2022 Sealing Order in the

---

[1] Two instances on the docket sheet that list Representative Perry's date of birth have been redacted. *Cf.* Fed. R. Civ. P. 52(a) (providing that only the year of an individual's date of birth should be included in a filing); M.D. Pa. L.R. 5.2(d) (same). And the name and contact information of the Assistant United States Attorney on that case have been redacted. *See In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1260 (S.D. Fla. 2022) (finding redactions "to protect the identity and personal safety of the prosecutor and investigator" were appropriate). The newspapers voiced no objection to those redactions either during the oral

underlying warrant case has been unsealed in its entirety. *See doc. 57-2*. Still at issue are the warrant application, the accompanying affidavit, the actual warrant issued, and the warrant return.

In a prior report and recommendation, we recommended that the court grant the Newspapers' application to unseal to the extent that the court order the United States to provide access to the warrant materials with targeted redactions to protect its interests. *See doc. 65* at 61. We also recommended that the court order the United States to publicly file its redactions along with as much of an explanation as it can provide on the record without harming its asserted interests, and if the United States needs to provide the court with additional information to support its redactions that may reveal information that should be keep secret, we recommended that it be permitted to provide such information under seal and ex parte either in writing or at a hearing. *Id*. at 60.

On April 15, 2024, Judge Wilson adopted in part and rejected in part our Report and Recommendation. *See doc. 72*. Judge Wilson adopted the Report and Recommendation to the extent that it recommended that the United States provide proposed redactions, but she rejected the Report and Recommendation to the extent that it recommended that the proposed redactions be filed on the public

---

argument, when they were proposed, or afterwards. Thus, we concluded that the docket sheet is no longer at issue. *See doc. 65* at 20–21.

docket. *Id*. at 16.  And Judge Wilson remanded the case to the undersigned for further proceedings regarding redactions, with such proceedings to be conducted ex parte and under seal. *Id*.

   After the case was remanded, we ordered the United States to submit proposed, targeted redactions to the four documents still at issue along with a specific showing for each proposed redaction why the redaction is necessary to protect its current interests and why its interests outweigh the presumption of access. *Doc. 75* at 1.  And in accordance with Judge Wilson's order, we directed the United States to submit its proposed redactions and supporting information ex parte and under seal. *Id*.

   The United States submitted proposed redactions. *See doc. 76* (filed ex parte and under seal).  We then scheduled an ex parte hearing regarding the redactions. *See doc. 80* (filed ex parte and under seal), *doc. 81*, *doc. 82* (filed ex parte and under seal).  Given events and disclosures being made in *United States v. Trump*, No. 1:23-cr-00257 (D.D.C.), the United States moved to continue that hearing. *See doc. 85* (filed ex parte and under seal).  Concluding that it was important to keep this case moving while at the same time acknowledging the United States' position that disclosures being made in *United States v. Trump* may impact the United States' position in this case, we denied the United States's request for a continuance with the understanding that because of time constraints or because of

3

events that are happening outside the case, we may need to conduct further proceedings after the hearing. *See doc. 86* (filed ex parte and under seal).

The hearing took place on September 26, 2024. *See doc. 87* (Court only-minute sheet). And after the hearing, the United States submitted additional proposals narrowing the number of redactions it requests. *See doc. 88* (filed ex parte and under seal); *doc. 90* (filed ex parte and under seal). We then had a conference with the United States to go over in detail the remaining proposed redactions. *See doc. 94* (order scheduling conference-filed ex parte and under seal); *doc. 95* (Court only-minute sheet). At that conference, we suggested that the United States further narrow its proposed redactions. And on January 17, 2025, the United States did so. *See doc. 98* (filed ex parte and under seal).

As to the warrant, the United States currently proposes to redact only part of the caption, which includes Representative Perry's date of birth; Representative Perry's date of birth on Attachment A-1; and Representative Perry's phone number on Attachment A-2. *See doc. 98* at 8–15. As to the return, the United States proposes to redact only Representative Perry's phone number and the name and signature of the special agent who signed the return. *Id*. at 101. As to the warrant application (not including the attached affidavit), the United States seeks to redact only Representative Perry's date of birth, phone number, and the name and signature of the special agent who signed the application. *See doc. 98* at 17, 94, 95.

4

That leaves the affidavit attached to the warrant application, which has always been the focus of this case.

The United States currently requests only limited redactions to the affidavit. In addition to redactions regarding Representative Perry and others' phone numbers, email addresses, and home addresses, those redactions generally fall into three categories: (1) minor redactions to preserve grand jury secrecy; (2) redactions to shield the identities of FBI and DOJ employees associated with the investigation; and (3) redactions of the names of individuals named in the affidavit other than Representative Perry, President Trump, former President Biden, and former Vice President Pence. *See doc. 98* at 3–5. Redactions falling into the first two categories are very limited in number and scope. As to the third category, given that the affidavit includes the names of many individuals, there are more redactions that fall into this category than the other two categories. Still, the proposed redactions are limited in scope. Whereas the United States proposes to redact the names of individuals, it does not propose to redact their titles or other descriptions of them. *See doc. 98* at 3. Thus, for example, as redacted by the United States, the affidavit provides "[name redacted] served as the Assistant Attorney General for DOJ's Environment and Natural Resources Division ("ENRD") from November 1, 2018, until January 14, 2021, and as the Acting Assistant Attorney General for DOJ's Civil Division from September 3, 2020, until

5

January 14, 2021." *Doc. 98* at 21, ¶ 10.  The United States represents that this is consistent with what Judge Chutkan did in *United States v. Trump* as well as what former Special Counsel Jack Smith did with regard to Volume One of his Report to the Attorney General.  *See doc. 98* at 3.

Given the limited number and scope of the redactions that the United States is currently seeking, we may be at a point where the Newspapers are satisfied.  But because the proceedings regarding redactions have been ex parte, we can not be sure of that.  Thus, we recommend that the court release the documents as redacted by the United States to see if the Newspapers still have an issue with the proposed redactions.  If the Newspapers still have an issue, then the court may benefit from briefing by the Newspapers regarding the remaining proposed redactions.

Based on the foregoing, we recommend that the court release the documents with the limited redactions proposed by the United States.  We further recommend that the court give the Newspapers time to assert whether they are satisfied with the limited redactions proposed by the United States.  If they are not, we recommend that the court give the Newspapers an opportunity to brief the legal issues, and that the case be remanded to the undersigned for further proceedings.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of February, 2025.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge